# FACSIMILE HEADER SHEET

**US ARMY CORPS OF ENGINEERS**
**PO BOX 397/431 NORTH SHORE DRIVE**
**FOUNTAIN CITY, WI 54629-0397**
**FAX: (608)687-8753**

**DELIVER THE FOLLOWING PAGES TO:**

NAME: Ed Bankston OFFICE/FIRM OC

FAX #: 651-290-5758 PHONE #:

SUBJECT:

DATE/TIME:

| FROM | | PHONE |
|---|---|---|
| ___ | Dean J. Peterson – Locks & Dams Operations Manager | (608)687-3011 |
| ___ | Leon F. Mucha – Programs Manager | (608)687-3011 |
| ___ | Jeff J. Gulan – Civil Engineer | (608)687-3011 |
| ___ | Denise M. Julson – Administrative Assistant | (608)687-3011 |
| ___ | Thomas A. Oksness – Branch Chief, Physical Support Br | (608)687-9033 |
| ___ | Jim M. Maybach –Plant Engineer | (608)687-3011 |
| ___ | David J. Sheryak – Administrative Assistant | (608)687-3011 |
| ___ | Sara J. Crowson – Office Automation Clerk | (608)687-3011 |
| ___ | Pat Vickman – Maintenance & Repair Section | (608)687-8526 |
| ___ | John P. Grossell – Maintenance & Repair Section | (608)687-9241 |
| ___ | Dredge William A. Thompson | (608)687-9293 |
| X | Daniel J. Krumholz - Channels & Harbors Project Mgr | (608)687-3011 |
| ___ | Nancy M. Peck – Administrative Assistant | (608)687-3011 |
| ___ | Steve D. Tapp - Channel Maint Coordinator | (608)687-3112 |
| ___ | Paul R. Machajewski – Channel Maint Coordinator | (608)687-3112 |
| ___ | Hydrographic Surveys | (608)687-4008 |
| ___ | Warehouse/Logistics | (608)687-9241 |
| ___ | Other | ( ) - |

RELEASER'S SIGNATURE Dan

NUMBER OF PAGES (INCLUDING THIS FORM): 4

EXHIBIT NO. 3
2-4-0

REMARKS

CEMVP-CO-CH 8 November 2000

MEMORANDUM FOR RECORD

SUBJECT: Grand Encampment Excavation Contract (DACW37-96-C-0030)

1. The L.W. Matteson Co. has submitted a claim on the subject contract, which states that I, Dan Krumholz, acting on behalf of the Corps of Engineers, assured Matteson that either site could be used for transfer of dredged material. I believe that they are referring to the Sanderson site and possibly the Braun site. This statement is apparently based on a telephone conversation that I had with Mr. Lawrence Matteson Sr., on 29 August 1996, the date of the bid opening.

2. The subject of the 29 August call related to Mr. Matteson investigating the use of a site near Teepeeota Point. I was not familiar with the specific site but believe it to be the location, which later became known as the Sanderson site. I expressed concern about whether the area was wooded and indicated that we would not accept a wooded area. I indicated that the Corps would have to investigate the site and in particular the potential for cultural resource impacts. I also indicated that if the site was determined acceptable by the Corps we could pursue state water quality certification through our existing permit with the Minnesota Pollution Control Agency. At no time in the conversation did I indicate or imply to Mr. Matteson that the site was approved by the Corps of Engineers. The entire conversation was from the perspective that further evaluation would be necessary before the Corps could approve use of this site or any other contractor furnished site.

3. Mr. Matteson has also suggested that I was aware of local zoning requirements and potential problems he may have in satisfying those requirements, and that I did not share that information with him. I do not recall any specific discussion of local or county permit or approval requirements during our conversation nor do I recall Mr. Matteson inquiring about local requirements. At the time of our conversation I had no knowledge of applicable Wabasha County requirements related to dredged material placement or shoreline management. It is my standard practice when discussing potential dredged material placement sites with either landowners or contractors, to inform them of their obligation to investigate local zoning requirements and obtain all necessary approvals.

4. I find it difficult to believe that Mr. Matteson submitted his bid with the understanding that the Corps of Engineers already approved the Sanderson or the Braun site. My belief is based on the following:

   a. The Corps of Engineers facilitated an interagency pre-bid onsite meeting with Lawrence Matteson, Jr., of the Matteson Company as documented in

Steve Tapp's memo dated 3 November 2000. Similar meetings were held with other prospective contractors. It was explained that the purpose of these meetings were to allow a contractor an opportunity to have a potential site reviewed by state and federal resource management agencies so that the contractor would have a better understanding as to the state and federal approval process and to also give the contractor a preliminary impression as to specific concerns associated with a particular site. It was made clear at this meeting that sites were only being inspected informally as a courtesy to the contractor and that no sites were approved based on this review. These meetings were intended to expedite the state permit and Corps approval process once a contractor submitted an official site approval request. I attended the Matteson meeting, which was held on 5 August 1996. I was not familiar with county permit or approval requirements and they were not discussed at this meeting. I was not aware at this meeting of any strong local opposition to dredged material placement. The Sanderson site was never reviewed or even suggested as a potential site by Mr. Matteson, Jr. at this meeting. From this meeting the Matteson Company was exposed to the site approval process. It should have been obvious to them that this was not a simple process and that it would require a site-specific evaluation by a number of people and agencies, and that it would take time to conduct this evaluation before a site could be approved. Contract paragraph 7.3 of Section 01000 requires a minimum 30-day review period for a contractor furnished site and describes the potential for an environmental assessment. I find it difficult to believe that Mr. Matteson, Sr. would have the impression that a short phone call to myself, minutes before the bid opening, to discuss a site that I was not even familiar with, would constitute site approval.

b. Immediately following contract award, the Matteson Company was aware of their site approval obligations and initiated the process. They requested that the Corps of Engineers evaluate the Sanderson site as a contractor furnished site and that we specifically conduct a cultural resource analysis. They also independently initiated the permitting process with the County. It is only after they encountered local opposition and denial of the County permit that they began claiming prior site approval by the Corps and that we had superior knowledge of the County shoreline management ordinance.

5. It is also noted that local opinion or sentiment in the Kellogg/Teepeeota Point area was never a factor in developing the specifications for this project. Specifically, we had no prior knowledge of strong local opposition to dredged material placement that would have caused us to deliberately avoid this area. Our previous cursory investigations of dredged material placement in the Teepeeota Point area indicated that there were no suitable sites readily available and therefore we did not pursue alternatives there. Government owned sites were however readily available in the Buffalo County, WI area and therefore we included those sites as an option in the contract specifications. Our intent with this contract was to

encourage contractor generated beneficial use of dredged material. The contractor, L.W. Matteson Company, independently and under their own volition initiated efforts to establish a placement site in the Teepeeota Point area. We neither suggested to them nor discouraged them from pursuing alternatives in this area. As the proponent of Teepeeota Point placement sites the Matteson Company was the most knowledgeable of their proposals and through their investigations should have become the expert in the area of local opinion and zoning requirements.

6. Please contact me at (608) 687-3011, for clarification or further information.

Daniel J Krumholz

DANIEL J. KRUMHOLZ
Operations Manager,
Channels & Harbors Project

*********************
*** RX REPORT ***
*********************

RECEPTION OK

| | |
|---|---|
| TX/RX NO | 5899 |
| CONNECTION TEL | 608 687 8753 |
| CONNECTION ID | |
| ST. TIME | 11/08 16:04 |
| USAGE T | 02'00 |
| PGS. | 4 |
| RESULT | OK |